UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ALLSTATE INSURANCE CO.,** | ) | Case No.  1:07 CV 486 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **FRANK REGALBUTO, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Allstate Insurance Company's Motion for Summary Judgment (**ECF No. 9**), and Defendant Frank Regalbuto's Cross-Motion for Summary Judgment (**ECF No. 21**).  Both parties have asked the Court to exercise jurisdiction over this federal declaratory judgment insurance coverage case, and determine whether Allstate has an obligation to defend and indemnify Defendant Frank Regalbuto in the underlying liability case pending before District Judge Kathleen M. O'Malley.  The parties agree that Allstate has no duty to defend or indemnify Regalbuto with respect to all of the claims against him in the underlying case except a claim for breach of fiduciary duty.  For the reasons to follow, the Court declines to exercise discretionary jurisdiction over this particular question.

**I.**

On July 17, 2006, Mark Small, Jon Small, Cleveland Construction, Inc. and Small Brothers Partnership (the "Smalls") filed a complaint against Frank Regalbuto and his son,

Michael Regalbuto, alleging that the Regalbutos operated an unlawful investment scheme (the "IPOF Fund") in which the Smalls invested, and lost, millions of dollars.  The Smalls alleged the following claims against the Regalbutos:  federal and state securities violations, breach of fiduciary duty, fraud, conversion and unjust enrichment.  The case, No. 1:06 CV 1721, was assigned to District Judge Kathleen O'Malley (the "underlying case").

On February 21, 2007, Plaintiff Allstate Insurance Co. ("Allstate") filed a federal declaratory judgment action under 28 U.S.C. § 2201(a) against Defendant Frank Regalbuto and the Smalls, and the case was assigned to me.  *ECF No. 1*.  Allstate, which has insured Regalbuto under homeowners and umbrella policies, is presently defending Regalbuto in the underlying case under a reservation of rights.  Allstate asks the Court to exercise its discretionary jurisdiction under § 2201(a) and declare that the subject policies do not provide Regalbuto with defense or indemnity coverage for the underlying case.  *Id*.  Regalbuto filed an answer and counterclaim under § 2201(a), asking the Court to declare that the policies do provide such coverage.  *ECF No. 16*.

On March 30, 2007, Allstate filed a Motion for Summary Judgment, arguing that it has no duty to defend or indemnify Regalbuto because the policies only provide liability coverage for claims for bodily injury or property damage arising from an occurrence (i.e., an accident).  *ECF No. 9*.  Moreover, Allstate argued that the policies exclude coverage for injuries reasonably expected to result from intentional conduct or business activities.  *See generally id.*  Shortly thereafter, the Court granted a proposed stipulation filed by Allstate and the Smalls wherein the Smalls agreed to be bound by my determination regarding insurance coverage, and Allstate agreed to dismiss the claims against them without prejudice.  *ECF Nos. 10, 11*.

-2-

The Court held teleconferences with remaining counsel in this case on May 18 and 20, 2007. *See ECF No. 19*. During the first teleconference, the Court expressed its inclination to decline to exercise declaratory judgment jurisdiction over the insurance coverage case. During the second teleconference, the Court allowed the parties to finish briefing Allstate's Motion according to their agreed schedule with the understanding that there could be three possible rulings: (1) there is coverage; (2) there is no coverage; or (3) a dismissal with prejudice based on the Court's determination that it should decline to exercise declaratory judgment jurisdiction over the case. *See id*.

Regalbuto subsequently filed an opposition to Allstate's Motion, conceding that Allstate's policies did not cover the state and federal securities violation claims, and the fraud, conversion and unjust enrichment claims. *ECF No. 21*, at 3. Regalbuto argued, however, that (1) the policies <u>may</u> cover the breach of fiduciary duty claim since such claim may be based on negligent, rather than intentional, conduct; (2) the fiduciary duty claim is an occurrence because compensatory damages include mental and physical pain and suffering (bodily injury) caused by negligent conduct; and (3) the fiduciary duty claim is not excluded as a business activity because the IPOF Fund was a passive investment of Regalbuto's and, thus, a personal activity. *Id*. at 3-5. Allstate has filed a reply brief, arguing that the fiduciary duty claims are indeed excluded from coverage. *ECF No. 22*.

Because the parties <u>agree</u> that Allstate's policies exclude any coverage for the state and federal securities violation claims and the fraud, conversion and unjust enrichment claims, that question is settled.

Thus, the only issue for the Court to decide is whether to exercise the Court's discretionary jurisdiction and, if so, determine whether Allstate's policies provide or exclude coverage for the fiduciary duty claim being brought against Regalbuto in the underlying liability case.

## II.

"Exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory." *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). Rather, a district court "may declare the rights and other legal relations of any interested party seeking such declaration . . .." 28 U.S.C. § 2201(a) (emphasis added). The statute, thus, affords the district court discretion in determining whether and when to entertain a case brought under the Act, even when the case otherwise satisfies subject matter jurisdiction prerequisites." *Adrian Energy Assocs. v. Michigan Pub. Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007) (quotation omitted).

In *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323 (6th Cir. 1984), the Sixth Circuit identified the following factors which the Court must consider in determining whether to exercise jurisdiction over a declaratory judgment case:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the remedy is being used merely for the purpose of "procedural fencing" or " to provide an arena for a race for *res judicata*;

(4) whether the use of a declaratory judgment action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Id*. at 326.[1]

The Sixth Circuit recently addressed the question of whether federal courts should exercise discretionary jurisdiction over federal declaratory judgment actions in insurance coverage cases just like this one. In *Travelers Indemnity Co. v. Bowling Green Professional Associates, PLC*, – F.3d –, 2007 WL 2066861 (6th Cir. Jul. 6, 2007) ("Travelers"), Jonas Wampler received a methadone treatment at Bowling Green Professional Associates ("Bowling Green"), an out-patient drug treatment facility. Following the treatment, he left the clinic in his car. As he was driving, he crossed into the oncoming lane and struck a vehicle driven by Stephanie Caudill. Both were killed. Caudill's estate brought a wrongful death action in state court against Bowling Green and the Wampler estate. The Wampler estate filed third-party wrongful death claims against Bowling Green and the physician who administered the methadone treatment. Bowling Green sought insurance defense and indemnity from its insurers, Travelers Indemnity and Evanston Insurance Company. Travelers agreed to defend Wampler temporarily under a reservation of rights; then filed a declaratory judgment action in federal court, seeking a declaration that it did not owe a duty to defend or indemnify Bowling Green in the underlying state court action. Evanston cross-claimed seeking a similar declaration. The district court granted the insurers' motions for declaratory judgment. Bowling Green appealed,

---

[1]In *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964 (6th Cir. 2000), the Sixth Circuit identified three additional factors that bear on whether a declaratory judgment action would increase friction between federal and state courts. *Id*. at 967. However, because the insurance coverage and underlying liability action are both being brought in federal court, the Scottsdale factors are irrelevant to my evaluation.

and the Sixth Circuit reversed, holding that the district court abused its discretion in exercising declaratory judgment jurisdiction.

With respect to the first *Grand Trunk* factor, the *Travelers* court found that, while the district court's decision could settle the controversy between Bowling Green and its insurers in the declaratory judgment action, it would not resolve the controversy between the Wampler and Caudill estates and Bowling Green in the underlying liability case because the estates were not parties in the insurance coverage case. *Travelers*, 2007 WL 2066861, at * 4-5. Regarding the second factor, the court determined that, while resolution of the insurance coverage question would clarify the insurers' obligation to defend Bowling Green in the state court case, it would do nothing to clarify the legal relationship between the parties in the state case because neither the Wampler nor the Caudill estates would be bound by the entry of a declaratory judgment. The court found that the third factor weighed neither for or against exercising jurisdiction because there was no evidence the declaratory judgment action was an attempt at procedural fencing or a race to the court. The *Travelers* court found that the fourth factor weighed against exercising jurisdiction since the state court was in a better position to apply and interpret state law issues. Finally, the court found that the fifth factor weighed against exercising federal jurisdiction because the insurance companies could file either a state declaratory judgment action in state court, or an indemnity action at the conclusion of the underlying liability case.

Here, although the Smalls were parties in this case and have agreed to be bound by the Court's decision regarding insurance coverage, resolving the coverage issue won't settle the controversy between the Smalls and Regalbuto on the other five claims alleged in Judge O'Malley's case. Furthermore, resolving the insurance coverage question will not clarify the

legal relationship between the parties in the underlying liability case because Michael Regalbuto, who is not a party to this case, will not be bound by my entry of declaratory judgment. And again, my decision on insurance coverage will not clarify the relationship between the parties in the underlying case with respect to the other five claims. Consequently, as in *Travelers*, the first two factors weigh against exercising declaratory judgment jurisdiction.

The third factor weighs neither for or against the exercise of jurisdiction because there is no evidence that the filing of this case constituted procedural fencing or a race to the courthouse. Nor does the fourth factor have any bearing on my evaluation since both the insurance coverage and liability cases were filed in federal court.

The fifth factor weighs against the exercise of jurisdiction because, as in *Travelers*, there is an alternative remedy that is better or more effective than this declaratory judgment case. Allstate can file an indemnity action at the conclusion of the underlying liability case. In addition, a review of the docket in the underlying case reveals that the Smalls have moved for summary judgment on the breach of fiduciary duty claim in Judge O'Malley's case, which motion is fully briefed and has been ripe since March 26, 2007. *See Case No. 1:06 CV 1721, ECF Nos. 26, 54, 57.* In order for me to determine whether Allstate's policies cover the fiduciary duty claim, I would have to determine whether Regalbuto owed a fiduciary duty to the Smalls, whether he breached that duty, and whether his conduct constituted negligent or intentional conduct. Those issues are all before Judge O'Malley now. She may grant the summary judgment motion or, if she concludes that there is a genuine issue of material fact, schedule a trial and have the claim tried to a jury. It would make no sense for me to require the parties to commence discovery, file dispositive motions and essentially try the same claim a

second time. In short, because there are alternative remedies better than this declaratory judgment action, the fifth factor weighs against the exercise of discretionary federal jurisdiction.

### III.

The parties agree that Allstate has no obligation to defend or indemnify Frank Regalbuto as to all claims in the underlying liability case except the claim for breach of fiduciary duty. With respect to the fiduciary duty claim, the Court concludes that all relevant factors weigh against exercising federal declaratory judgment jurisdiction. Accordingly, the Court **DECLINES** to exercise discretionary jurisdiction over that claim.

**IT IS SO ORDERED.**

                                         */s/Dan Aaron Polster    August 6, 2007*
                                         **Dan Aaron Polster**
                                         **United States District Judge**